IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ATHEY CREEK CHRISTIAN FELLOWSHIP**, | Case No. 3:22-cv-01717-YY |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY JUDGMENT** |
| v. | |
| **CLACKAMAS COUNTY**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

Athey Creek Christian Fellowship ("Plaintiff"), filed suit against Clackamas County

("Defendant"), alleging free exercise violations stemming from the application of Defendant's

Zoning and Development Ordinance ("ZDO") to its church building project. ECF 1. Before this

Court is Plaintiff's Motion for Preliminary Injunction and Declaratory Judgment.[1] ECF 14.

---

[1] This Court does not separately address the Motion for Declaratory Judgment as that motion is based primarily on the Preliminary Injunction Motion, which is addressed in this order.

PAGE 1 – ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY JUDGMENT

Plaintiff asks this Court to enjoin Defendant from enforcing its ZDO in a manner that allegedly treats religious assemblies and institutions on less than equal terms with nonreligious assemblies and institutions. To this end, Plaintiff requests an order enjoining Defendant from requiring Plaintiff to obtain a new or modified conditional use permit for its building project. Plaintiff also moves for a declaration that two sections of the ZDO facially violate the equal terms provision of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. 2000cc(b)(1). This Court heard argument on Plaintiff's motion on March 3, 2023. ECF 30.

Based on the briefing, arguments by counsel, and current record of the case, this Court DENIES Plaintiff's Motion for Preliminary Injunction and Declaratory Judgment. This Court finds that Plaintiff has not demonstrated that it is likely to suffer irreparable harm in the absence of preliminary relief. As a result, Plaintiff has not shown that this extraordinary remedy is warranted at this time.

## BACKGROUND

Plaintiff is a non-denominational fellowship worshipping in the Christian tradition. ECF 1 at ¶ 28. In 2005, Plaintiff acquired a twenty-nine-acre parcel ("the Property") located in Clackamas County, Oregon. *Id.* at ¶¶ 2–3, 37. Plaintiff decided to build a church building, a maintenance center, and parking on the Property. *Id.* at ¶¶ 4–5. Under the Clackamas County ZDO, the Property is zoned "Rural Residential Farm Forest 5-Acre" ("RRFF-5"). *Id.* at ¶¶ 7, 38. A place of worship in the RRFF-5 district is a conditional use under the ZDO; as such, building and operating a place of worship requires a conditional use permit ("CUP"). *Id.* at ¶¶ 8, 39. Other assembly uses in the RRFF-5 district requiring a CUP include: bed and breakfasts, childcare facilities, adult daycare services, farmers markets, fraternal organization lodges, government uses, recreation uses, and schools. ECF 21 at 2. A category of use labeled

PAGE 2 – ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY JUDGMENT

"Recreational Uses, Government-Owned"—which includes amphitheaters, ball fields, community buildings and grounds, fitness and recreational facilities, swimming pools, parks, and tables and seating—constitutes a primary use, permitted as of right in the zoning district without the need for a CUP. ECF 1 at ¶¶ 40–41; ECF 1-1 at 5, 10.

In 2006, Plaintiff applied for a CUP to build on the Property. ECF 1 at ¶¶ 10, 43. Anticipating financial difficulties, Plaintiff contacted county planning official Clay Glasgow by email during the process and inquired whether the Church would be able to build in phases without needing to obtain multiple CUPs. *Id.* at ¶ 13. Mr. Glasgow affirmed that Plaintiff would be able to obtain the CUP for the entire project and build in phases.[2] *Id.* at ¶ 14. Plaintiff obtained a CUP for the project in 2006. *Id.* at ¶ 10. The CUP contained Condition 29,[3] which provided:

> This approval is valid for a period of two years from the date of final written decision. If the proposed use has not been established within that time, the approval shall expire unless a timely application for extension of the permit is filed with the County under ZDO Section 1203.03 and the application is approved. The conditional use approval is implemented when all necessary permits for the development have been secure[d] and are maintained.

ECF 1-1, Ex. C, at 64; ECF 21 at 2.

---

[2] In a declaration submitted in support of Defendant's response to Plaintiff's Motion for Preliminary Injunction, Mr. Glasgow agrees that he stated that "phasing would be fine" and that "[w]orst case scenario with such a submittal is that [Plaintiff] would be approved for the total development, but each phase would need to come in for specific Design Review." ECF 24 at ¶ 14. However, Mr. Glasgow also maintains that the phasing would "still require the Church to comply with all of the conditions of the CUP including [C]ondition 29" and that "if the Church had secured and maintained all permits necessary for all of the proposed development permitted in the 2006 CUP[,] each phase would only need to be subject to design review." *Id.* at ¶¶ 15–16.

[3] Condition 29 was based on a Clackamas County land use provision that was repealed in 2011. ECF 21 at 3. The time limitation is now contained in ZDO 1203.05, which states that "approval of a conditional use is valid for four years from the date of the final decision." *Id.*; ECF 22-8 at 2.

PAGE 3 – ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY JUDGMENT

After the CUP approval, Plaintiff commenced construction on the first phase of its building plan. ECF 1 at ¶¶ 15, 51. Plaintiff obtained and maintained the development permits necessary to construct this phase of development. ECF 21 at 3. Plaintiff alleges that county officials confirmed for Plaintiff that its CUP was still active in 2013. ECF 1 at ¶¶ 56–58; *see* ECF 1-1, Ex. E, at 72, 74. In 2015, Plaintiff completed the first phase of building, which included its current church building. ECF 1 at ¶ 54.

Although it is unclear exactly when Plaintiff decided to initiate the second phase of building, correspondence suggests Plaintiff contacted Defendant regarding this phase in or around July of 2022. ECF 1-1, Ex. F, at 85. This second phase would expand the current church building from 43,933 square feet to approximately 123,400 square feet. ECF 1 at ¶¶ 16, 59, 61. When Plaintiff informed Defendant of its intention to start the second phase of building, Defendant asserted that Plaintiff had to obtain a new or modified CUP to do so. *Id.* at ¶¶ 17, 64, 68. Defendant maintains that prior approval under the 2006 CUP has expired and that Plaintiff has not applied for the permits necessary for further development since the initial CUP approval. ECF 21 at 3; ECF 24 at ¶¶ 12, 13. Plaintiff has not applied for a new or modified CUP, citing the process's length, expense, and uncertainty. *See* ECF 24 at ¶ 13; ECF 1 at ¶¶ 18–19.

Plaintiff alleges in its complaint that, due to a growing congregation, it has been forced to conduct many duplicate worship services to accommodate all who wish to come, ECF 1 at ¶ 34, and that it "is unable to offer more services due to staff and logistical limitations as well as the desire to follow the biblical mandate of gathering as much of the congregation together as possible for worship and fellowship," *id.* at ¶ 36.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *Am. Beverage Ass'n v. City & Cnty. Of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). As the party seeking a preliminary injunction, it is the plaintiff's burden to show that this extraordinary remedy is warranted. *See DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9thCir. 2011). A plaintiff seeking a preliminary injunction must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. Plaintiff bears the burden of demonstrating that it meets all four of the *Winter* factors. *DISH Network Corp.*, 653 F.3d at 776.

## DISCUSSION

This Court finds that Plaintiff has not shown that preliminary relief is warranted at this time, as Plaintiff has failed to demonstrate that it is likely to suffer irreparable harm in the absence of preliminary relief, as required under *Winter*. *See Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) ("[A p]laintiff must demonstrate that there exists a significant threat of irreparable injury . . . . [If a plaintiff does not make] that minimum showing, [a court] need not decide whether it is likely to succeed on the merits.").

Irreparable harm is "traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citation omitted). Irreparable harm is harm that is immediate, rather than remote or speculative. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). To obtain preliminary relief, Plaintiff cannot rest on mere allegations, but must set forth specific facts by

PAGE 5 – ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY JUDGMENT

affidavit or other evidence. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In asserting

irreparable harm, Plaintiff claims that, absent preliminary relief, it "suffers and will continue to

suffer the deprivation of its religious freedoms under RLUIPA." ECF 14 at 11–12. If Plaintiff is

unable build a larger church due to the ZDO's CUP requirement, Plaintiff alleges it will remain

"unable to offer more services" for its growing congregation, thereby impeding its ability to

follow "the biblical mandate of gathering as much of the congregation together as possible for

worship and fellowship." ECF 1 at ¶ 36. Plaintiff relies solely on the allegations in its complaint

and has failed to set forth specific facts to support these allegations.

In its evaluation of irreparable harm, this Court notes that Plaintiff has not applied for a

new or modified CUP and has asserted no basis to believe such an application will be denied.

Further, although Plaintiff may not expand the capacity of its church building for the duration of

this case without obtaining a new CUP permit, Plaintiff may still operate in its newly constructed

church and serve its congregation. Plaintiff has offered only speculative evidence about being

unable to accommodate future potential congregants, which is insufficient to establish the

irreparable harm necessary to obtain the extraordinary remedy of preliminary injunction. This

Court finds that Plaintiff has failed to carry its preliminary burden on this factor. *See Glory*

*Tabernacle Christian Ctr. v. City of Bellflower*, No. CV 14-3949 PA (ASX), 2014 WL

12966631, at *3 (C.D. Cal. Dec. 23, 2014) (If [the plaintiffs'] Motion is denied, they can

continue using their current location for church services . . . . The [defendant] has not denied [the

p]laintiffs the ability to continue its [sic] religious exercise."); *Hillcrest Christian Sch. v. City of*

*Los Angeles*, No. CV05-08788RGJ(RCX), 2007 WL 4662042, at *5 (C.D. Cal. July 12, 2007)

(finding that "expansion and existence differ in degree" when comparing the harm imposed by a

CUP denial).

PAGE 6 – ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND DECLARATORY JUDGMENT

To prevail on its preliminary injunction motion, Plaintiff must carry its burden on each of the four *Winter* factors. *DISH Network Corp.*, 653 F.3d at 776. Because Plaintiff has not demonstrated that it is likely to suffer irreparable harm in the absence of preliminary relief, this Court need not address the remaining *Winter* factors. Nevertheless, this court is mindful of the complexity and interconnected nature of local zoning ordinances, and finds that the merits of Plaintiff's claim are more appropriately determined at a prompt trial on the merits, based on a more robust record. This Court declines to rule on Plaintiff's likelihood of success at this time. Accordingly, Plaintiff's Motion for Preliminary Injunction and Declaratory Judgment is DENIED.

**IT IS SO ORDERED.**

DATED this 16th day of March, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 7 – ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY JUDGMENT