UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ATHEY CREEK CHRISTIAN
FELLOWSHIP,

               Plaintiff,

     v.

CLACKAMAS COUNTY,

               Defendant.

Case No. 3:22-cv-01717-YY

ORDER

Plaintiff has filed a Motion to Set Trial Date in which it asks that a jury trial date be set for this case. ECF 39. In its response, defendant states that it does not oppose the motion, but requests that the trial not be set before the week of June 17, 2024, because defense counsel is handling other cases that are at a similar stage of litigation and has plans for a previously scheduled vacation.[1] ECF 40.

It is within the court's discretion to set a trial date. *See Allen v. Norman*, 39 F.3d 1186 (9th Cir. 1994) (framing decision to set trial date in terms of abuse of discretion). In this district, civil cases are randomly assigned to both magistrate judges and district judges. If a case is assigned to a magistrate judge and all parties have not consented to magistrate judge jurisdiction, the case is referred to a district judge for trial after final ruling on dispositive motions. Thus,

---

[1] While Local Rule 7-1(e) allows for a reply to be filed, because defendant does not oppose the motion, no reply is necessary and the court can decide this motion based on the briefing that has been filed. *See* Local Rule 1-4 (authorizing that, "[i]n the interest of justice, a judge may suspend or modify the application of these rules in an individual case or group of cases").

1 – ORDER

here, after dispositive motions have been resolved, the case will be referred to Judge Karin Immergut for trial.

While there are arguable benefits to setting a trial date, considering the circumstances of this case, setting a trial date at this time is premature and creates the potential for unnecessary logistical issues that would have to be resolved by not one, but two judges.  First, this case is still in the discovery stage of litigation and dispositive motions are not due until November 30, 2023. Of course, no trial can take place until after dispositive motions have been resolved, and it is unclear how long it will take to resolve any dispositive motions that might be filed in this case.

But even if the parties expeditiously file their briefing on dispositive motions, given the high caseloads in this district and potential complexity of those motions, it is uncertain when findings and recommendations and a final ruling on the motions will be issued.  Additionally, if a trial date is set, but the resolution of dispositive motions takes longer than anticipated, the trial date may have to be reset.  Any continuances regarding the briefing schedule on dispositive motions would be decided by the magistrate judge, but any continuance of the trial date would be decided by the district judge.  Logistical conflicts that may arise, for example, if resolution of the dispositive motions pushes up too closely to the trial date and deadlines related to the trial date need to be moved, will have to be coordinated and resolved by two judges.  Setting the trial date after dispositive motions have been decided will avoid unnecessary judicial decisions that do not have to be made.

The court has also considered the potential prejudice that declining to set a trial date will have on plaintiff, who has brought this motion.  Plaintiff has consistently objected to any delay in this case, arguing that it causes hardship and burden on its ability to exercise its religion. However, plaintiff's motion for preliminary injunction was denied on grounds that plaintiff has

not demonstrated it is likely to suffer irreparable harm in the absence of preliminary relief. Order, ECF 31. Judge Immergut observed that, "although Plaintiff may not expand the capacity of its church building for the duration of this case without obtaining a new CUP permit, Plaintiff may still operate in its newly constructed church and serve its congregation." *Id*. at 6. The same reasoning applies to the prejudice analysis for purposes of this motion. Finally, waiting to set a trial date will not necessarily result in further delay. Cases often settle, thereby opening up potential trial dates that could be filled with this case, when it is in a better position for a trial setting.

## ORDER

Plaintiff's Motion to Set Trial Date (ECF 39) is DENIED.

IT IS SO ORDERED.

DATED October 20, 2023.

_____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge